**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**TIME WARNER CABLE, INC., a**
**Delaware Corporation, d/b/a**
**Time Warner Cable; and KBL**
**CABLESYSTEMS OF MINNEAPOLIS,**
**L.P., a limited partnership d/b/a**
**Time Warner Cable,**

      **Plaintiffs,**

v.    **MEMORANDUM OF LAW**
    **AND ORDER**
    **Civil File No. 06-484 (MJD/AJB)**

**CITY OF MINNEAPOLIS, a**
**Minnesota Municipal**
**Corporation,**

      **Defendant.**

---

Henk Brands, Paul, Weiss, Rifkind, Wharton & Garrison, and Randall Tietjen and Stephen P. Safranski, Robins, Kaplan, Miller, & Ciresi LLP, on behalf of Plaintiffs.

C. Lynne Fundingsland and Lisa M. Needham, Minneapolis City Attorney's Office, on behalf of Defendant.

---

**I.    INTRODUCTION**

This case is before the Court on Defendant's Motion to Dismiss. [Doc. No.

7.] Oral argument was heard on May 17, 2006. At that time, the Court ruled

from the Bench on this motion and Time Warner's Motion for Permanent

Injunction Against Retaliation [Doc. No. 15]. A separate written order has been

1

issued on the injunction motion.  This order will address the motion to dismiss.

## II.   DISCUSSION

In this declaratory judgment action, Time Warner seeks a declaration that the City's four assertions of breach of franchise agreement are without merit.  In support of this motion to dismiss, the City argues that Time Warner has failed to state a claim upon which relief can be granted.  The Court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997) (citation omitted).  "In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true."  WMX Tech., Inc. v. Gasconade County, Mo., 105 F.3d 1195, 1198 (8th Cir. 1997) (citation omitted).  The City proffers four arguments in support of its motion.  The Court will address each argument in turn.

### A.   Whether This Court Has Jurisdiction Over This Case

According to the City, this Court does not have jurisdiction over this matter because the franchise agreement has a mandatory forum selection clause that requires all litigation related to the franchise agreement to be conducted in Minnesota state courts.

The Court cannot entertain this argument because, as discussed in conjunction with Time Warner's motion for an injunction, that issue is res judicata

based on a prior ruling by Judge Montgomery in <u>City of Minneapolis v.</u>

<u>Time Warner Cable, Inc.</u>, No. 05-CV-994 (ADM/AJB), 2005 WL 3036645 (D. Minn. Nov. 10, 2005).

  **B.** **<u>Whether the Administrative Hearing Process Should Continue</u>**

  The City argues that Time Warner is "pre-emptively asserting, prior to completion of the hearing process, that they will not receive a fair hearing," and should let this process play out before it can appeal to the courts. (Def. Mem. Supp. Mot. Dismiss at 7-8.)  According to the City, Time Warner is merely trying to avoid the due process procedures contained in the franchise agreement, and in doing so, attempts to obtain rights greater than those provided for in the franchise agreement.  The City cites <u>Thunder Basin Coal Co. v. Reich</u>, 510 U.S. 200 (1994) for the proposition that when there is an administrative scheme in place to address violations, pre-enforcement challenges are inappropriate.

  Time Warner responds that the procedures governing the administrative hearings are unfair and that it is not being provided with basic due process protections such as the right to subpoena and cross examine witnesses, and guarantees that ex parte communications will not occur.  Moreover, Time Warner argues that even if it was satisfied with the due process afforded by the City, there is nothing in the franchise agreement stating that the administrative process is the

3

exclusive forum for adjudicating disputes under the franchise.  Indeed, Time Warner notes that the City went outside the administrative process when it filed City of Minneapolis.

Time Warner has the better argument.  The Court is plainly baffled by the City's contention that breach issues can only be decided through the administrative process when it was the City that first circumvented that process by asking a court to decide whether certain breaches of the franchise agreement had occurred.  In doing so, the City sought declaratory relief for Time Warner's alleged breaches of the franchise agreement, the same relief Time Warner seeks in this action.  See City of Minneapolis v. Time Warner Cable, Inc., No. 05-CV-994 (ADM/AJB), Doc. No. 1 ¶¶ 20, 36.  The City forced Time Warner to defend itself on both the legal and administrative fronts.  It would be unfair to allow the City to now claim that the administrative process is the only process that the Parties can employ.

Moreover, the existence of the prior lawsuit distinguishes this case from Thunder Basin in which a mining company sought to avoid administrative hearings, and instead filed a pre-emptive court challenge.  See 510 U.S. at 205.  The Supreme Court held that the administrative process had to play out before the parties could appeal to the courts.  Id. at 218.  Thunder Basin involved a federal statute that established a structure for reviewing violations and the Court

found that the history and purpose of the statute supported the conclusion that pre-emptive court challenges were not authorized. See id. at 207-11, 218.

That is not the case here. Even though the City mentions in the "Facts" section of its memorandum that under federal law, administrative proceedings are necessary during the renewal process, it never argues that pre-emptive challenges are not authorized and, indeed, that would be a specious argument given the fact that the City filed the first action between the Parties. Thus, the City's reliance on Thunder Basin is misplaced.

### C. Whether the Administrative Proceedings Violate the City Charter

Time Warner argues that administrative proceedings violate the City Charter because the Charter provides that the Hennepin County District Court "shall have exclusive jurisdiction of all suits, prosecutions and proceedings for the recovery of all . . . penalties or infliction of punishments for the breach of any . . . ordinance." (Pl. Mem. Opp. Mot. Dismiss at 7 (quoting Minneapolis City Charter, Ch. 11 § 9) (emphasis deleted)).

The City responds that the Charter actually provides for administrative proceedings in several places and therefore Time Warner's position that all disputes must be filed in Hennepin County District Court is "absurd." (Def. Mem. Supp. Mot. Dismiss at 4-5) (citing the Charter).

The Court finds that the City has the better argument on this pont. First,

the City Code explicitly provides for an administrative process.  Second, Time Warner's predecessors in interest negotiated for this proceeding.  There is nothing in the record to suggest that this was snuck in or was the result of unequal bargaining power.

### D.      Whether This Matter is Appropriate for Declaratory Relief

The City argues that this matter is not appropriate for declaratory relief because questions regarding Time Warner's past performance and whether the franchise should be transferred to ComCast still remain.  (Id. at 9.)  Time Warner responds that there is nothing in the franchise agreement stating that the procedures provided therein are the exclusive remedies for addressing alleged breaches.

The Court is surprised by the City's contention that breach issues can only be decided through the administrative process when it was the City that first circumvented that process by asking a court to decide whether certain breaches of the franchise agreement had occurred.  In doing so, the City sought declaratory relief for Time Warner's alleged breaches of the franchise agreement. Thus, this argument is without merit.

### E.      Conclusion

The Court agrees that had the Parties let the administrative process play out to a resolution before filing lawsuits, the case would be before the Court in a more "normal" procedural posture. Unfortunately, the City's rush to the courthouse circumvented that process and set an unusual precedent for this case.

When taking all the facts in the Complaint as true, the Complaint does state facts that if proven true could result in an award in favor of Time Warner.

Therefore, dismissal of this action is not warranted under Rule 12(b)(6), and this motion is denied.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 7] is **DENIED**.

Dated: June 2, 2006

s / Michael J. Davis
Michael J. Davis
United States District Court
